JUDGE RAKOFF

12 CV 8004

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

BRIGITTE VOSSE,

                      Plaintiff,

    v.

THE CITY OF NEW YORK and Robert D. LIMANDRI, as
Commissioner of the New York City Department of Buildings,

                      Defendants.

-----------------------------------------------------------------X

RECEIVED OCT 26 2012

## COMPLAINT

1. This lawsuit challenges the constitutional validity of certain sections of New York City's Zoning Resolution that effectively ban political signs and symbols placed in windows of residential homes within certain zoning districts – in this case a peace symbol placed in the window of a residential condominium unit.

2. The relevant conditional restrictions, contained in the Zoning Resolution (§32-60 *et seq*. of the New York City Administrative Code – also referred to herein as ZR 32-60 *et seq*.) and applied to the Plaintiff, violate the basic constitutional principles that the government cannot impose a content-based prohibition on speech, nor can it foreclose a key means of communicating political speech even in the absence of content-based distinctions. Under the Free Speech Clause of the First Amendment to the United States Constitution and the attendant provisions of the New York State Constitution, the Defendants simply cannot dictate what kind of signs or symbols are placed in the windows of residential homes.

3. Accordingly, Plaintiff seeks a declaratory judgment that these sign regulations (ZR §32-60 *et seq*.) are unconstitutional on their face and as applied in this case, injunctive relief

barring enforcement, damages, costs and fees (including attorneys' fees), and such as other relief as the Court may deem just and proper.

I.   **JURISDICTION, VENUE, AND OTHER PRELIMINARY MATTERS**

4.   Because this action arises under the Constitution (viz., the First Amendment) and laws (viz., 42 U.S.C. § 1983) of the United States, this Court has jurisdiction pursuant to the federal-question jurisdiction statute, 28 U.S.C. § 1331.

5.   Plaintiff also seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201-02, Federal Rule of Civil Procedure 57, and Federal Rule of Civil Procedure 65.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(l) and (b)(3) because Defendants reside within the State of New York and at least one of them resides within this judicial district.

7.   Venue is also proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

II.   **THE PARTIES**

8.   Plaintiff BRIGITTE VOSSE is a resident and owner of condominium unit 16-66 located at 2109 Broadway, New York, NY 10023 (the "apartment"). The apartment is located on the 16th and 17th floor of the condominium known as the Ansonia.

9.   Defendant CITY OF NEW YORK is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York and having its principal offices at City Hall, New York, NY 10007. The Defendant City of New York has established and

maintains the Department of Buildings and the Environmental Control Board as constituent agencies.

10. Defendant ROBERT D. LIMANDRI, located at 280 Broadway, 7th floor, New York, NY 10007, is the New York City Buildings Commissioner ("Commissioner"). Defendant LiMandri is responsible for the enforcement of the New York Zoning Resolution, including § 32-60 *et seq.*, which regulates the design, construction and placement of signs within various zoning districts. *See* New York City Charter §§ 641 and 643. Commissioner Limandri is sued individually and in his official capacity. At all times relevant herein, defendant Limandri, either personally or through his employees, was acting under color of state law and/or within the scope of and in furtherance of their employment by Defendant City and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of Defendant City.

11. An actual, justiciable controversy currently exists between Plaintiff and Defendants. Absent a declaration invalidating New York Zoning Resolution sections 32-60 *et seq.* (in particular §§32-62 and 32-655) to the extent that they ban residential signs while permitting other forms of signs above a certain height, Plaintiff Brigitte Vosse will lose the penalty of $800.00 already imposed by the New York City Environmental Control Board for a violation placed by the Defendants. If not invalidated, Plaintiff's political speech will be unconstitutionally banned, censored and subject to continuing unconstitutional prior restraints.

### III.    FACTUAL BACKGROUND

12. Plaintiff Brigitte Vosse is a resident and owner of condominium unit 16-66 located at 2109 Broadway, New York, New York (the "apartment"). The apartment is located on the 16th and 17th floors of the condominium known as the Ansonia. The subject peace symbol is

affixed to Ms. Vosse's living room window – a round window located within the turret at the center of the building.

13. On September 26, 2011 Ms. Vosse was issued a Notice of Violation by an inspector from the New York City Department of Buildings for allegedly violating §28-105.1 of the New York City Administrative Code (the "Administrative Code").  That section provides, in relevant part, that "[i]t shall be unlawful to …erect… any sign … unless and until a written permit therefore shall have been issued by the commissioner in accordance with the requirements of this code, subject to such exceptions and exemptions as may be provided in §28-105.4."

14. On April 26, 2012 a hearing was held before an Administrative Law Judge (the "ALJ") from the New York City Environmental Control Board (the "ECB").  At the hearing the Department of Buildings was allowed to amend its Notice of Violation pursuant to Title 48 Section 3-53[b] of the Rules of the City of New York (mistakenly referred to as Title 15 Section 31-53(b) in the ALJ's Decision and Order).   The amendment allowed the Department of Buildings to abandon its claim of a violation under the permit requirements of the Administrative Code and to prosecute exclusively under the height restrictions for signs contained in §32-655 of the City's Zoning Resolution.

15. ZR 32-655, adopted on January 20, 1965, prohibits signs to be placed at a height greater than 40 feet above curb level in that zoning district.   ZR 32-655 provides in full:

> Height of signs in all other Commercial Districts C1 C2 C3 C4 C5 C6 C7
>
> In the districts indicated, no permitted sign shall extend above curb level at a height greater than the following:  Maximum Height (in feet) Districts
>
> 25                          C1 C2 C3 C5-1 C5-2 C5-3 C5-5
>
> 40                          C4 C5-4 C6-1 C6-2 C6-3 C6-4 C6-6 C6-8 C6-9
>
> No restriction as to height       C6-5 C6-7 C7

4

16. The peace symbol at issue here is affixed to the building at a height concededly in excess of 40 feet. The Notice of Violation states that the sign is "150 feet above curb."

17. Ms. Vosse testified that the peace symbol is wired to two hooks that are anchored to the wooden frame of the window.  It has been displayed for a year and a half and no allegation or concern has been raised as to the security or safety of the symbol.

18. Exempted from the height restrictions under ZR 32- 655 are "flags, banners or pennants" located on properties in the same zoning districts "used primarily for community facility uses of a civic, philanthropic, educational or religious nature" See ZR 32-62.  ZR 32-62 provides in full:

> Permitted Signs   C1 C2 C3 C4 C5 C6 C7 C8
>
> In all districts, as indicated, signs other than advertising signs are permitted subject to the provisions of the following Sections:
>
> Section 32-64 (Surface Area and Illumination Provisions)
>
> Section 32-65 (Permitted Projection or Height of Signs)
>
> Section 32-66 (Additional Regulations for Signs Near Certain Parks and Designated Arterial Highways)
>
> Section 32-67 (Special Provisions Applying along District Boundaries)
>
> Section 32-68 (Permitted Signs on Residential or Mixed Buildings)
>
> Section 32-69 (Additional Sign Regulations for Adult Establishments)
>
> *However, notwithstanding any provision of this Section, flags, banners or pennants other than those that are advertising signs, located on any zoning lot used primarily for community facility uses of a civic, philanthropic, educational or religious nature, are permitted in all districts, as indicated, without limitation.*
>
> (2/2/11) (emphasis added in italics).

19. Notably, this exemption also applies to the height requirements otherwise imposed by ZR 32-655, insofar as Section 32-65 incorporates all of the height restrictions. Section 32-65 provides in full:

5

Permitted Projection or Height of Signs  C1 C2 C3 C4 C5 C6 C7 C8

In all districts, as indicated, all permitted signs are subject to the applicable regulations of this Section.

20.     Ms. Vosse testified that the message she sought to communicate by placing the peace symbol in her window was simply that "we all need peace in this world, and that everyone can be united."  She has further explained that her purpose "was to express to the viewing public my opposition to war as a solution to human problems – including my disagreement with American military policies with respect to Iraq and Afghanistan."

21.     On April 30, 2012 the ALJ issued a Decision and Order on the amended Notice of Violation.  The ALJ found, in relevant part:

> Respondent submits that displaying the peace symbol is protected as speech and expressive conduct.
>
> ****
>
> The ALJ has no authority, nor does this tribunal have jurisdiction to rule on Constitutional issues.
>
> Respondent has not presented evidence to rebut Petitioner's case.
>
> Accordingly, the NOV is sustained.
>
> Board approved penalty is imposed.

22.     The ALJ imposed a Total Civil Penalty of $800 and directed that Ms. Vosse remove the peace symbol.

23.     In August of 2012 Ms. Vosse received a demand for payment from the ECB that included a notice that the penalty was converted to a judgment in the Civil Court of the City of New York.

24.     Ms. Vosse subsequently paid the $800 fine under protest. She continues to display the peace symbol.

6

### IV.  CLAIMS

### COUNT I

### AS AND FOR A FIRST CLAIM FOR RELIEF - DEPRIVATION OF PLAINTIFF'S RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

25. Plaintiff repeats and realleges each of the foregoing allegations contained in ¶¶ 1 through 24 above in this Complaint.

26. The Free Speech Clause of the First Amendment to the United States Constitution guarantees individuals the power to choose the content of their speech and affords virtually unlimited protection to key forms of speech even in the absence of content-based restrictions. Government restrictions on political speech are subject to strict scrutiny, and can only survive if the government can demonstrate a compelling interest for its action; that its regulation is narrowly tailored to advance that interest; and that there are no less-restrictive means by which the its interest could be met.

27. The very fact that the Defendants have exempted certain types of signs from the height restrictions (namely "flags, banners or pennants other than those that are advertising signs, located on any zoning lot used primarily for community facility uses of a civic, philanthropic, educational or religious nature") while banning the speech at issue here, not only demonstrates that this is a content-based restriction; it also demonstrates that the Defendants lack a compelling interest in their action; that even if it had a compelling interest, the ban is not narrowly-tailored

to advance that interest; and that, in any event, there are less restrictive means by which that interest could be met; and that there are not ample alternatives for Ms. Vosse's expression.

28. For these reasons, ZR 32-60 *et seq.*, to the extent that it bans non-commercial signs in the windows of residential abodes, violates the constitutional right to freedom of speech under the First Amendment.

29. Plaintiff has no remedy at law for such deprivation of her rights.

## V. REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

1. Enter a declaratory judgment that ZR 32-60 *et seq.*, to the extent that it bans non-commercial signs in the windows of residential abodes, violates the constitutional right to freedom of speech under the First Amendment;

2. Enter a preliminary and, ultimately, a permanent injunction prohibiting the application or enforcement of ZR 32-60 *et seq.*, to the extent that it bans non-commercial signs in the windows of residential abodes;

3. Award damages to the Plaintiff;

4. Award reasonable attorneys' fees and costs of suit to the Plaintiff; and

5. Award all other relief as the Court may deem just and proper.

Dated: October 25, 2012
      New York, New York

                        Respectfully submitted,
                        Collins Dobkin & Miller LLP

By:

Timothy L. Collins (TC0344)
277 Broadway, 14th Floor
New York, New York 10007
Phone: (212) 587-2407
Fax: (212) 587-2410

Gideon Orion Oliver (GO8799)
*Of Counsel*