```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
BRIGITTE VOSSE,                       :
                                      :
            Plaintiff,                :
                                      :
      -v-                             :   12 Civ. 8004 (JSR)
                                      :
THE CITY OF NEW YORK; ROBERT D.       :   MEMORANDUM ORDER
LIMANDRI, as Commissioner of the New  :
York City Department of Buildings,    :
                                      :
            Defendants.               :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Brigitte Vosse sues the City of New York and Robert D. Limandri, as Commissioner of the New York City Department of Buildings, for violating her First Amendment rights. Plaintiff affixed an illuminated peace sign to the frame of the window of her sixteenth- and seventeenth-floor condominium at 2109 Broadway, which is located in the C4-6A zoning district. She was fined for displaying the sign in violation of a City zoning regulation that, she argues, violates the First Amendment by disparately preferring some groups of sign displayers to others. On August 1, 2013, after full briefing and oral argument, this Court issued a "bottom-line" order on the parties' cross motions for summary judgment, denying plaintiff's motion and granting defendants' cross-motion. This Memorandum Order explains the reasons for the Court's ruling and directs the entry of final judgment.

1

The pertinent facts are as follows. In or around December 2010, Vosse placed an illuminated peace symbol in her living room alcove window, which is on the seventeenth floor of her building at a height of over forty feet above curb level. Pl. R. 56.1 Statement, Feb. 12, 2013, ¶¶ 2, 9 (undisputed); Def. R. 56.1 Statement, Mar. 8, 2013, ¶ 11 (undisputed). She placed the symbol "to express to the viewing public her opposition to war as a solution to human problems — including her disagreement with American military policies with respect to Iraq and Afghanistan." Pl. R. 56.1 Statement, ¶ 5 (undisputed). On or around September 26, 2011, an inspector from the New York City Department of Buildings issued Vosse a Notice of Violation, initially citing Section 28-105.1 of the New York City Administrative Code. *Id.* ¶ 6 (undisputed). Thereafter, the City abandoned its prosecution under that Code provision and amended its Notice of Violation to prosecute Vosse under Section 32-655 of the City's Zoning Resolution. *Id.* ¶ 8 (undisputed).

Section 32-655, as it applies to the district in which the plaintiff resides, provides, in pertinent part, that "no permitted sign shall extend above curb level at a height greater than . . . 40 [feet] . . . ." N.Y.C. Zoning Resolution ("Z.R.") § 32-655 (2013). The term "sign" is defined in Section 12-00 to include, *inter alia*, "any writing (including letter, word, or numeral), pictorial representation (including illustration or decoration), emblem (including device, symbol, or trademark), flag, (including banner or pennant), or any other figure of similar character." *Id.* § 12-00. However, another

2

section, Zoning Resolution Section 32-62, creates an exemption to the applicable height restriction by providing that "notwithstanding any provision . . . , flags, banners or pennants other than those that are advertising signs, located on any zoning lot used primarily for community facility uses of a civic, philanthropic, educational or religious nature, are permitted in all districts, as indicated, without limitation." *Id.* § 32-62. The gist of plaintiff's defense to the City's amended charge is that by waiving the height restrictions for pennants flown at lots used by such groups while prosecuting her for posting an illuminated sign at the prohibited height, the City treated her speech disparately from that of others, in violation of the First Amendment. However, an Administrative Law Judge, after noting that the New York City Environmental Control Board has no jurisdiction to rule on constitutional issues, sustained the amended notice of violation and imposed an $800 civil penalty. Pl. R. 56.1 Statement, ¶ 11 (undisputed). Plaintiff paid the fine under protest, *id.* ¶ 13, and this case ensued.

Plaintiff moves for summary judgment on her demand for a declaratory judgment that the aforementioned provisions of the Zoning Resolution are unconstitutional both facially and as-applied, a permanent injunction enjoining enforcement of the contested regulation, and damages and attorneys' fees under 42 U.S.C. Sections 1983 and 1988. Notice of Motion for Summary Judgment by the Pl., Feb. 8, 2013, at 1. The City's cross-motion for summary judgment argues that Vosse lacks standing to challenge the regulation. Defs.' Mem. of

Law in Support of Their Cross-Motion for Summary Judgment and in Opposition to Pl.'s Motion for Summary Judgment, Mar. 8, 2013, at 3-5. Apart from challenging Vosse's standing, the City "admits that Plaintiff's illuminated peace sign is protected First Amendment expression," but argues that Section 32-655 is a content-neutral time, place, and manner restriction, because "under Z.R. § 32-655, no one may place an illuminated sign [as opposed to a flag, banner, or pennant] more than forty feet above curb level in [the applicable Zone]." *Id.* at 6-7.

A plaintiff must have standing to bring a federal lawsuit. While some aspects of standing doctrine reflect prudential considerations, "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (U.S. 2013) (internal quotation marks omitted). Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

The plaintiff has failed to show that she has standing for her damages, declaratory, or injunctive claims.

With respect to her damages claim, while plaintiff's payment of an $800 fine more than suffices to establish that she has suffered a

4

"concrete, particularized, and actual" injury, see *Clapper*, 133 S. Ct. at 1147; *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 642 (2007), she fails to show that this injury is fairly traceable to the action she challenges or that a favorable ruling would redress this injury.

As to the latter, if the Court found the exemption in Section 32-62 unconstitutional, the Court could remedy the violation in only one of two ways. First, the Court could simply strike the exemption as a whole, meaning that the law would penalize everyone for displaying flags, banners, or pennants at certain heights. Second, the Court could strike only the limitations on the types of lots that benefit from the exemption — "any zoning lot used primarily for community facility uses of a civic, philanthropic, educational or religious nature." Z.R. § 32-62. Choosing this option would grant everyone the benefit of the exemption relating to flags, banners, and pennants. Regardless of the Court's choice, the plaintiff here would receive no relief with respect to the monetary injury that she claims to have suffered. The first potential remedy — simply removing the exemption for the kind of lots that currently are exempt — would not negate the plaintiff's statutory violation, so she would still have to pay the fine assessed. Alternatively, expanding the exemption for the display of flags, banners, and pennants to all lots would similarly not negate the plaintiff's violation since she did not display a flag, banner, or pennant. Instead, she posted an illuminated sign. *See* Def. R. 56.1 Statement, ¶ 11 (undisputed). Plaintiff has never contended that her

sign is a flag, banner, or pennant, and no evidence in the record suggests that the plaintiff's sign was a flag, banner, or pennant.[1] Therefore, plaintiff lacks standing on redressability grounds.

For similar reasons, plaintiff has also failed to show why the monetary injury she suffered was traceable to the particular alleged constitutional defects in the Zoning Resolution. The reason that plaintiff claims that Section 32-655 is unconstitutional is not because the City cannot impose height restrictions on signs, but because the exemption granted in Section 32-62 for certain "flags, banners or pennants" displayed in "any zoning lot used primarily for community facility uses of a civic, philanthropic, educational or religious nature" discriminates in favor of certain speakers over others when it comes to displaying flags, banners, or pennants. Z.R. § 32-62. However, as noted, plaintiff has never contended that her sign is a flag, banner, or pennant. Therefore, any injury that plaintiff suffered is not fairly traceable to the allegedly unconstitutional government action.

---

[1] Even if plaintiff had argued that she displayed a flag, banner, or pennant, the Zoning Resolution's plain language could not support such an interpretation. In common parlance, a flag, banner, or pennant is imprinted on cloth. See Merriam Webster's Collegiate Dictionary 441 (10th ed. 1997) (defining "flag" as "a usu. rectangular *piece of fabric* of distinctive design that is used as a symbol (as of a nation), as a signaling device, or as a decoration") (emphasis added); id. at 90 (defining "banner" as "a *piece of cloth* attached by one edge to a staff and used by a leader (as a monarch or feudal lord) as his standard," a "flag," or "a *strip of cloth* on which a sign is painted") (emphases added); id. at 859 (defining "pennant" as, *inter alia*, "a flag or banner longer in the fly than in the hoist; esp: one that tapers to a point").

With respect to the declaratory and injunctive relief requested, plaintiff lacks standing because she has failed to show how this statute's purported unconstitutionality forces her to risk a "concrete, particularized, and . . . imminent" injury. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (U.S. 2013). A "threatened injury must be certainly impending to constitute injury in fact." *Id.* (internal quotation marks omitted). Plaintiff has presented no evidence that she is planning to violate Section 32-655 in any way that directly implicates the exemption in Section 32-62 that she identifies as the source of the regulatory scheme's unconstitutionality. The type of threatened injury that would be fairly traceable to the allegedly unconstitutional action and could be redressed by this Court would involve her violating Section 32-655 by posting a flag, banner, or pennant. She has presented no evidence whatsoever regarding her future intent to put up a flag, banner, or pennant. Since she bears the burden of proof to establish standing, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and she has presented no evidence that meets her burden of production, this Court must grant defendants summary judgment with respect to the declaratory and injunctive claims as well, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Finally, since the plaintiff lacks standing to bring this lawsuit, the Court will not consider the merits of plaintiff's underlying claims relating to the constitutionality of the Zoning Resolution.

For the reasons stated above, the Court reaffirms the conclusions in its August 1, 2013 Order and enters final judgment for the defendants. The Clerk of the Court is hereby directed to enter final judgment and close the case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       November 6, 2013